UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERKINS COIE LLP**<br>**700 Thirteenth Street NW**<br>**Suite 600**<br>**Washington, D.C. 20005**<br><br>*Plaintiff*,<br><br>v.<br><br>**GINA MCCARTHY, in her Official Capacity**<br>**as Administrator of the United States**<br>**Environmental Protection Agency**<br>**1200 Pennsylvania Ave. NW**<br>**Washington, D.C. 20460,**<br><br>*Defendant*. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, and the U.S. Environmental Protection Agency's ("EPA") FOIA regulations at 40 C.F.R. Part 2, to challenge the failure of Defendant, EPA, to disclose documents and records in response to Plaintiff, Perkins Coie LLP's ("Perkins Coie") May 1, 2013, FOIA request (the "FOIA Request") and to respond to Perkins Coie's July 26, 2013, FOIA appeal (the "FOIA Appeal").

2. Perkins Coie seeks declaratory relief that EPA is in violation of FOIA for failing to fulfill the FOIA Request and respond to the FOIA Appeal.

3. Perkins Coie seeks injunctive relief requiring that EPA immediately and fully comply with the FOIA Request.

-1-

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff Perkins Coie is a law firm, headquartered in Seattle, Washington. Perkins Coie maintains an office at 700 13th Street, NW, Suite 600, in Washington, D.C. 2005.

7. Defendant EPA is a federal agency within the meaning of 5 U.S.C. § 552(f), and an administrative agency of the federal government as defined by the Administrative Procedure Act ("APA"). 5 U.S.C. § 701(b)(1). EPA maintains its headquarters at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460. EPA is in possession and control of the documents and records to which Perkins Coie seeks access and is responsible for fulfilling the FOIA Request, pursuant to 5 U.S.C. § 552.

## STATEMENT OF FACTS

### STATUTORY FRAMEWORK

8. FOIA, 5 U.S.C. § 552 *et seq.*, and EPA's regulations, at 40 C.F.R. Part 2, require federal agencies to release requested records to the public unless a specific statutory exemption applies.

9. Once a federal agency receives a FOIA request, the agency must respond to the requesting party within 20 workdays. 5 U.S.C. § 552(a)(6)(A)(i), 40 C.F.R. § 2.104. Similarly, an agency has 20 workdays to respond to a FOIA appeal. 5 U.S.C. § 552(a)(6)(A)(ii), 40 C.F.R. § 2.104.

10. In the event a FOIA decision is appealed, an agency must respond to a FOIA appeal within 20 workdays, notifying the appealing party of the agency's determination to either uphold the denial or to release the withheld records. 5 U.S.C. § 552(a)(6)(A)(ii), 40 C.F.R. § 2.104. "A decision affirming an adverse determination in whole or in part will contain a statement of the reason(s) for the decision, including any FOIA exemption(s) applied, and inform you of the FOIA provisions for judicial review of the decision." 40 C.F.R. § 2.104(k). Adverse determinations that are reversed or modified on appeal must contain either the "requested information that has been determined on appeal to be releasable attached to it, or [the] request will be returned to the appropriate office so that it may be reprocessed in accordance with the appeal decision." 40 C.F.R. § 2.104(k).

11. If a decision on an appeal is not received within 20 workdays, the appealing party has a right to seek judicial review in a District Court of the United States. 5 U.S.C. § 552(a)(4), (6). An administrative appeal must be filed prior to seeking judicial review in a District Court of the United States. 40 C.F.R. § 2.104(l).

12. This Court has jurisdiction, upon receiving a complaint, to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaint." 5 U.S.C. § 442(a)(4)(B).

## PERKINS COIE'S FOIA REQUEST

13. On May 1, 2013, Perkins Coie electronically filed the FOIA Request with EPA's Headquarters, seeking documents and records related to EPA's Renewable Fuel Standard Program ("RFS2"), including quarterly Renewable Identification Number ("RIN") activity reports, annual compliance reports, and details of RIN generation, ownership, retirement and carry-over, among other records.

14. The Request specifically sought the following records and documents:

> (1) All quarterly "RIN activity reports," including any attachments thereto, submitted to EPA pursuant to 40 C.F.R. § 80.1451(c)(1) from January 1, 2011, through today. We include within the scope of this request all quarterly RIN activity reports due to be submitted to the EPA by May 31, 2013.
>
> (2) All annual compliance reports, including any attachments thereto, submitted to EPA pursuant to 40 C.F.R. § 80.1451(a) from January 1, 2011, through today.
>
> (3) Documentation, records, and a description from EPA detailing who owns Renewable Identification Numbers (RINs) that were generated during 2012 and in what quantities.
>
> (4) Documentation, records, and a description from EPA detailing who owns Renewable Identification Numbers (RINs) that were generated during 2013 and in what quantities.
>
> (5) Documentation, records, and a description from EPA detailing how many RINs were generated during 2012.
>
> (6) Documentation, records, and a description from EPA detailing how many RINs generated during 2012 were retired during 2012.
>
> (7) Documentation, records, and a description from EPA detailing how many RINs generated during 2012 were not retired during 2012 and were carried over into 2013.
>
> (8) Documentation, records, and a description from EPA detailing how many RINs generated during 2012 that were not retired during 2012 and were carried over into 2013 remain available today.

   (9) Documentation, records, and a description from EPA detailing how many RINs have been generated to date during 2013, including but not limited to submissions via EMTS pursuant to 40 C.F.R. § 80.1452.

   (10) Documentation, records, and a description from EPA detailing how many RINs generated during 2013 have been retired to date, including but not limited to submissions via EMTS pursuant to 40 C.F.R. § 80.1452.

  15. EPA responded to the FOIA Request on June 27, 2013, stating that it was "initially denying" the request on the grounds that "quarterly RIN activity reports, annual compliance reports, and RFS fuel production and RIN transaction information, including generation, transfer and use, is claimed Confidential Business Information (CBI) and is withheld under exemption 4 (5 U.S.C. § 552(b)(4))." EPA further asserted that "[w]ith regard to the CBI nature of this data, no determination has been made at this time.  Each affected company would need to be contacted and provided an opportunity to substantiate their claim."

PERKINS COIE'S ADMINISTRATIVE APPEAL

  16. On July 26, 2013, Perkins Coie filed an administrative appeal with EPA's FOIA Appeals Office pursuant to 40 C.F.R. § 2.104(j).  Perkins Coie challenged EPA's adverse determination of its FOIA Request on the grounds that, "[EPA] improperly applie[d] a blanket exemption for the communications and documents sought under Exemption 4 of FOIA on the basis that they are 'claimed' Confidential Business Information (CBI) … ."  Perkins Coie also stated, among other claims, that EPA violated its regulations for evaluating information claimed to be CBI, including by failing to specify whether the information requested was claimed CBI by its submitter, and whether the information was, in fact, CBI.

17.     On July 29, 2013, EPA sent a letter acknowledging receipt of the FOIA Appeal and assigning the FOIA appeal tracking number HQ-2013-006023 (HQ-APP-2013-008586).

18.     EPA did not issue a decision on the FOIA Appeal within 20 workdays, as required by statute and regulation.  *See* 5 U.S.C. § 552(a)(6)(A)(ii); 40 C.F.R. § 2.104.

19.     On October 10, 2013 Perkins Coie sent EPA a letter regarding the outstanding FOIA Appeal to the agency via the online FOIA portal and mail.  Perkins Coie stated:

> [A] response to this FOIA appeal was due within twenty (20) business days, or by August 26, 2013.  As of the date of this letter, Perkins Coie has yet to receive a response to its FOIA appeal, which is now over one month late.  Due to the significant delay in EPA's response, we [Perkins Coie] are drafting a complaint in anticipation of seeking judicial review of EPA's failure to comply with its regulations and the FOIA.

20.     On October 18, 2013, Perkins Coie received a call from EPA stating that the letter had been received via the online portal and was being sent to Ms. Barbara Bruce of the Office of General Counsel for processing.  On the same day, the letter was also delivered to EPA via mail.

21.     As of the date of this Complaint, EPA has not issued a decision on the FOIA Appeal, nor responded to Perkins Coie's letter of October 10.  The information Perkins Coie has requested is essential to evaluating the impact of recent rulemakings under the RFS2 (e.g., the 2013 volume mandate and the impending proposed 2014 volume mandate) on its clients, which are regulated entities.  The RINs have experienced unprecedented price spikes recently, and Perkins Coie's clients believe that the RFS2 has resulted in a disproportionate economic impact to certain market participants because of market manipulation.  EPA's failure to produce the requested information hinders Perkins Coie from advising its clients on these issues.

## CAUSE OF ACTION

<u>VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 *et seq.*</u>

22.     Perkins Coie realleges and incorporates the allegations contained in paragraphs 1 through 21 above and incorporates them as if fully set forth herein.

23.     EPA has violated FOIA by failing to respond to Perkins Coie's July 26, 2013, FOIA Appeal within the twenty (20) workday time period required by 5 U.S.C. § 552(a)(6)(A)(i), and by failing to demonstrate that any withheld documents or records responsive to this same request are exempt from production.

24.     Perkins Coie is being irreparably harmed by reason of EPA's violation of FOIA and Perkins Coie will continue to be irreparably harmed unless EPA is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Perkins Coie respectfully requests that the Court:

A.     Declare that EPA's failure to provide responsive documents to Perkins Coie's FOIA Request of May 1, 2013 and FOIA administrative appeal of July 26, 2013 is unlawful;

B.     Order EPA to promptly provide Perkins Coie with copies of responsive documents to its May 1, 2013, FOIA Request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain;

    C.      Enjoin EPA from continuing to withhold any and all non-exempt records responsive to the May 1, 2013, FOIA Request;

    D.      Award Perkins Coie's costs and attorneys' fees reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

    E.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of November, 2013.

                /s/ LeAnn Madison Johnson
                LeAnn Madison Johnson
                (D.C. Bar No. 430132)
                Perkins Coie LLP
                700 Thirteenth Street NW, Suite 600
                Washington, DC 20005-3960
                Attorney for Plaintiff
                PERKINS COIE LLP